**Marshall PEYTON, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5442.**

District of Columbia Court of Appeals.

Submitted Feb. 23, 1971.

Decided March 22, 1971.

Michael L. Glaser, Washington, D. C., appointed by this court, for appellant.

Thomas A. Flannery, U. S. Atty., with whom John A. Terry, C. Madison Brewer and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee.

Before PAIR, REILLY and YEAGLEY, Associate Judges.

**230**

YEAGLEY, Associate Judge:

The appellant and one Leonard Smith were charged by information with petit larceny (D.C.Code 1967, § 22–2202). On July 21, 1970, defendants were tried by a jury and found guilty. The appellant was then sentenced to 180 days in jail and this appeal followed.[1]

The charge resulted when a police officer saw the defendants take a carton of matches from the sidewalk in front of the Peoples Drug Store at 15th and H Streets, N.E. Merchandise had been unloaded from a delivery truck and four cartons were stacked on the sidewalk in front of the store at the time of the taking. The defendants testified they didn't see anyone unloading and that they thought the carton had been abandoned.

■ The appellant contends that he was denied effective assistance of counsel at trial in the following respects: (1) Counsel should have moved that the in-court identification of the defendant by one Mr. Lewis should be stricken; (2) Counsel failed to object to alleged impermissible questioning of the defendant by the court; (3) Counsel failed to request an instruction on abandoned property; and (4) Counsel failed to renew his motion for judgment of acquittal after the jury verdict. After a careful examination of the record we conclude that there was no error below and that appellant was not denied effective representation of counsel.

■ The principal contention of the defense was that the property had been abandoned. However, no evidence was offered on this point other than defendants' testimony that they thought the property had been abandoned. Abandonment is an ultimate fact or conclusion based generally upon a combination of act and an intent to abandon. Friedman v. United States,

347 F.2d 697, 704 (8th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L.Ed.2d 354 (1965). But,

"* * * An abandonment must be made to appear affirmatively by the party relying on it, and an intention to abandon will not ordinarily be presumed, and this is particularly true if the conduct of the owner can be explained consistently with a continued claim. Proof of abandonment must be made by the one asserting it by clear, unequivocal and decisive evidence."

Friedman v. United States, *supra,* citing Linscomb v. Goodyear Tire & Rubber Co., 199 F.2d 431, 435 (8th Cir. 1952). *Also see* United States v. Robinson, 430 F.2d 1141, 1143 (6th Cir. 1970).

■ An abandoned property instruction to the jury was not called for, under the circumstances, as the defense had laid no foundation for one. There is a complete lack of evidence that Peoples Drug Store intended to abandon the property. Even accepting the testimony of defendant as true there is no evidence that the store intended to abandon the property. It has been held that even where a tenant has vacated leased premises, but inadvertently left behind some article of value, it did not constitute an intent to abandon. Linscomb v. Goodyear Tire & Rubber Co., *supra.*

Defendant's testimony that he believed the property had been abandoned could be relevant to the question of whether defendant lacked the "specific intent to steal." However, the jurors were properly instructed on intent and chose to believe that defendant intended to steal the carton of matches. There was ample evidence to support their verdict.

Finding no reversible error the judgment below is

Affirmed.

1. The codefendant Leonard Smith also appealed his conviction, D.C.Appeals No. 5438, but his counsel thereafter filed a motion for leave to withdraw, finding no non frivolous issues in the case. That motion is being granted this date and the appeal dismissed.