Wayman B. DAVIS, Appellant,

v.

UNITED STATES, Appellee.

No. 6898.

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided Jan. 4, 1974.

Donald E. Cross, Washington, D. C., appointed by this court as amicus curiae, with whom Patrick McEligot, Washington, D. C., was on the brief, for appellant.

Michael G. Scheininger, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

PER CURIAM.

■ After trial by jury, appellant was convicted of assault[1] and threats to do bodily harm.[2] The principal contention raised on appeal is that it was error to admit into evidence in this trial appellant's prior conviction of manslaughter.[3]

The contention is that the prior conviction of appellant reasonably could have no bearing upon his credibility in this trial where he was being tried for assault and threats to his mother. The argument is that commission of manslaughter, by the nature of the crime, does not necessarily indicate a "willingness" to "commit any crime." The further contention is that the crime of manslaughter and the crimes presently charged are of a similar nature, being acts of violence, and the admission of the prior conviction of manslaughter, having no bearing upon veracity, necessarily must have prejudiced appellant in the eyes of the jury. Lastly, it is contended that if the pertinent statute[4] enables the admission of the prior conviction in these circumstances the statute is unconstitutional as applied to appellant.

When the prior conviction was introduced and again during the final instruc-tions, the trial court informed the jury that it should not consider the conviction as evidence of guilt of the offenses charged and could consider it only in evaluating the defendant's credibility. Thus, the trial court was careful, as it certainly should be, to limit the admissibility of the prior conviction both when it was admitted and, later, when instructing the jury.

When Congress, in 1970, enacted the statute in question it removed the argument appellant makes on admissibility. The statute specifically provides that a prior conviction of a felony *"shall* be admitted" to impeach credibility of the witness. (Emphasis added.) The predecessor statute provided that such prior convictions *"may* be admitted."[5] (Emphasis added.) We note further that concededly no objection was made at the trial to admission of the prior conviction.

■ The constitutionality of the foregoing statute has previously been decided by this court. Dixon v. United States, D.C. App., 287 A.2d 89, cert. denied, 407 U.S. 926, 92 S.Ct. 2474, 32 L.Ed.2d 813 (1972). Since the statute admits of no such exceptions we would be proceeding to undo the statute substantially if one were carved in this instance. Since Congress specifically provided for the admission of all prior felonies to attack credibility and the statute has been held to be constitutional we conclude there is no unconstitutional application present.

Affirmed.

1. D.C.Code 1973, § 22–504.

2. D.C.Code 1973, § 22–507.

3. We have considered the remaining contention made on appellant's behalf and conclude there is no error requiring reversal.

4. D.C.Code 1973, § 14–305(b)(1) provides: Except as provided in paragraph (2), for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, either upon the cross-examination of the witness or by evidence aliunde, but only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment). A party establishing conviction by means of cross-examination shall not be bound by the witness' answers as to matters relating to the conviction.

5. The legislative history demonstrates specifically that it was the intent of Congress to remove any discretion as to the admissibility of such prior convictions, see e. g., H.R.Rep. No. 907, 91st Cong.2d Sess. 61–62 (1970).