**Joseph T. ALLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11100.**

District of Columbia Court of Appeals.

Argued Jan. 19, 1977.

Decided Aug. 24, 1977.

Edward S. Szukelewicz, Washington, D. C., appointed by this court, for appellant.

Thomas G. Corcoran, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, William D. Pease and Donald A. Couvillon, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

MACK, Associate Judge:

The question presented is whether an indictment for unauthorized use of a vehicle (D.C.Code 1973, § 22–2204) must allege "from where" the vehicle was taken, removed or operated.

I.

While looking out her bedroom window shortly before midnight one March night, the complainant saw the headlights of her automobile go on, and then watched as the car proceeded down the driveway to the street. Her sister thereupon called the police to report the car being stolen. Shortly after hearing a radio lookout a police officer saw a vehicle which matched the radioed description. He saw two persons in the car and alerted other police cruisers. After losing sight of the car for a few moments, he located it, parked and empty. Some minutes later, two persons got into the car and drove away. After the police officer activated his red lights and siren, the car "took off," pursued by police cruisers. Then the car slowed down and two men jumped out. The person who had exited on the passenger side eluded the police, but appellant, who one officer was certain had jumped from the driver's seat, was apprehended. The car, which was damaged when it collided with parked vehicles, was

found to have been started without a key by "hot wiring."

Appellant's defense was essentially that he had not been the driver but rather a passenger in the car, having hitched a ride, and he had no idea anything was "wrong" with the car until the police gave chase.

Appellant was charged in an indictment with grand larceny (D.C.Code 1973, § 22–2201), unauthorized use of a vehicle (*id.* § 22–2204), receiving stolen property (*id.* § 22–2205), and three counts of destruction of property (*id.* § 22–403). At trial, a motion for judgment of acquittal was granted at the close of the government's case as to the grand larceny and receiving stolen property counts. The jury found appellant not guilty of destruction of property but was unable to reach a verdict as to unauthorized use of a vehicle. He was found guilty of that charge in a second jury trial. This appeal followed.

## II.

The second count of the indictment read as follows:

On or about March 11, 1975, within the District of Columbia, Joseph T. Allen feloniously did use and operate one certain automobile, property of Gertrude M. Robey, and did operate and drive said automobile for his own profit, use and purpose, without the consent of Gertrude M. Robey, the owner of the said automobile.

Appellant argues that the indictment was fatally defective because it failed to allege that he took or operated the vehicle *from* a certain location. Such a taking is, he asserts, an essential element of the crime proscribed by Section 22–2204. That statute reads as follows:

Any person who, without the consent of the owner, shall take, use, operate, or remove, or cause to be taken, used, operated, or removed from a garage, stable, or other building, or from any place or locality on a public or private highway, park, parkway, street, lot, field, inclosure, or space, an automobile or motor vehicle, and operate or drive or cause the same to be operated or driven for his own profit, use, or purpose shall be punished by a fine not exceeding one thousand dollars or imprisonment not exceeding five years, or both such fine and imprisonment.

According to appellant, there are two essential elements of this offense: (1) the taking or operating of a vehicle *from* a certain place or location, without the owner's consent, and (2) the operating or driving of it for one's own benefit. He reasons therefore that even if the element of driving or operation of a vehicle is present, the offense requires the additional element of taking or asportation—the removing of the vehicle from a given place or an appreciable change in its location. This "sense of asportation" is apparent, he argues, from a rather difficult construction of the words of the statute.[1]

We think appellant's interpretation needlessly complicates what is basically "a very simple offense: using another's automobile without his consent."[2] The legislative history demonstrates that the section was added to the Code to punish "joyriding."[3] While the language does appear to be redundant, it is clear that Congress was trying to cover any eventuality attendant to the temporary appropriation associ-

---

1. In appellant's view, the phrase "from a garage, stable, or other building, or from any place or locality on a public or private highway, park, parkway, street, lot, field, inclosure, or space," modifies not just "remove" but also "take," "use" and "operate," and restricts them to the meaning embodied in the element of taking or carrying away, and that the succeeding conjunctive clause, "operate or drive for his own profit, use, or purpose," is designed to impart an additional element, clearly different from that of "taking" or "removing" as described in the first two clauses. Any other interpretation makes the statute redundant, he claims, for it then merely repeats in the conjunctive clause the same idea clearly expressed in the first two clauses.

2. *United States v. Powell,* 145 U.S.App.D.C. 332, 337, 449 F.2d 994, 999 (1971) (Bazelon, C. J., concurring).

3. H.R.Rep.No.1393, 62d Cong. 3d Sess. (1913); S.Rep.No.1085, 62d Cong. 3d Sess. (1913).

ated with this phenomenon.[4] We agree with appellant that at least some asportation is an element of the crime. However, the useful operation of an automobile is *per se* asportation. The precise point *from* which a vehicle is removed is no more essential to the crime of unauthorized use of a vehicle than is the precise point *to* which the vehicle is removed. The statute does not require notice of either.[5]

The instant indictment charged that appellant at a specified time used, operated, and drove the automobile of a named owner, without the owner's consent and for his own profit, use and purpose. If appellant had desired further information he could have filed a motion for a Bill of Particulars. Super.Ct.Cr.R. 7(f). The indictment was sufficient. The conviction is

*Affirmed.*[6]

---

**4.** Thus there is the preoccupation with every conceivable space from which an automobile could be removed.

**5.** Appellant does not specifically challenge the validity of the statute. We note that a criminal statute must meet high standards of notice and certainty. *See, e. g., Ricks v. District of Columbia,* 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968).

**6.** We have held that to sustain a conviction under this statute, the government must prove beyond a reasonable doubt each of the following: (1) that the defendant took a motor vehicle, or used or operated or removed it, or caused it to be taken, used, operated, or removed from any place; (2) that he operated or drove it, or caused it to be operated or driven, for his own profit, use or purpose; (3) that he did so without the consent of the owner; (4) and that he did so knowing he lacked the consent of the owner. *Fleming v. United States,* D.C.App., 310 A.2d 214, 219 (1973). *See also* D.C. Bar Ass'n, Criminal Jury Instructions for the District of Columbia No. 4.66 (2d ed. 1972).