Larry B. GODFREY, Appellant,

v.

UNITED STATES, Appellee.

No. 12964.

District of Columbia Court of Appeals.

Submitted Nov. 7, 1978.

Decided Dec. 5, 1979.

Robert E. Clem, Washington, D. C., appointed by the court, was on brief for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, Robert I. Richter and E. Anne McKinsey, Asst. U. S. Attys., Washington, D. C., were on brief for appellee.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

The appellant appeals from convictions of second-degree burglary and grand larceny, D.C.Code 1973, §§ 22–1801(b), –2201. He urges us to reverse on the ground that the proceeds of his theft were unconstitutionally seized. He contends that the police unreasonably invaded his sphere of privacy by feeling a trash bag on a hotel houseman's cart, where he had placed the stolen property. Principally on the basis of *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), we hold that the appellant had no "legitimate expectation of privacy" in the stolen property or in the cart, and hence that he cannot complain of the search and seizure.

## I

The victims, two police officers from Florida, discovered that a small television and two cameras were missing from their Washington, D.C., hotel room. Being experienced in hotel thefts, they searched and found the property secreted above the movable, suspended ceiling tile in their bathroom. Suspecting that a hotel employee was awaiting their departure to retrieve the hidden items, they left the property undisturbed and notified the local police, who "staked out" the room. After the Florida officers had seemingly departed, the appellant, a hotel housekeeping employee, visited the room. Although he had considerable difficulty in fitting the cart through the door to the room, the appellant managed to enter the room with it and to close the door behind him. One officer testified that he had never before observed an employee close the door of an unoccupied room. About two minutes later the appellant opened the door just long enough to peer up and down the hall before closing it

again. A few minutes later, the appellant emerged from the door, examined the hallway, and then hastily wheeled his cart into the hall and past the door behind which the officers were observing. Leaving the cart in the hallway, the appellant entered another room, leaving its door open. The officers left their vantage point and felt, through a plastic bag hanging on the cart, a television. The appellant returned to the hall, saw the officers and fled. Following his capture, the police recovered the television and two cameras from the plastic bag.

## II

We hold that the appellant had no "legitimate expectation of privacy" in the trash bag of the cart in which he had placed the stolen goods. *Rakas v. Illinois, supra.* Acting prior to the decision in *Rakas,* the trial court held that the appellant had standing to raise the Fourth Amendment issue, analogizing the situation to one in which a defendant moves to suppress a gun discovered under the front seat of a car the defendant had stolen. *Rakas* "[dispensed] with the rubric of standing" and phrased the pertinent issue as "whether the challenged search or seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it." 99 S.Ct. at 429; *see Khaalis v. United States,* D.C.App., 408 A.2d 313 at 341 n. 30 (1979). In particular, the issue reduces here to "whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Id.* The Supreme Court emphasized that a defendant must have a "*legitimate* expectation of privacy in the invaded place," *id.* at 430, noting that a subjective expectation held by "[a] burglar plying his trade" in someone else's residence "is not one which the law recognized as 'legitimate.'" *Id.* at 430 n. 12. According to *Rakas,* a subjective expectation alone will not suffice for Fourth Amendment purposes.

The Supreme Court articulated the relevant principles even more recently in *Smith v. Maryland,* —— U.S. ——, 99 S.Ct. 2577,

61 L.Ed.2d 220 (1979). There the Court enlarged upon *Rakas* and other precedents, and stated in relevant part:

> Consistently with *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), this Court uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate expectation of privacy" that has been invaded by government action.
>
> \* \* \* \* \* \*
>
> This inquiry, as Mr. Justice Harlan aptly noted in his *Katz* concurrence, normally embraces two discrete questions. The first is whether the individual, by his conduct, has "exhibited an actual (subjective) expectation of privacy." 389 U.S., at 361, 88 S.Ct. [507], at 516—whether, in the words of the *Katz* majority, the individual has shown that "he seeks to preserve [something] as private." *Id.,* at 351, 88 S.Ct. [507], at 511. The second question is whether the individual's subjective expectation of privacy is "one that society is prepared to recognize as 'reasonable,'" *id.,* at 361, 88 S.Ct. [507], at 516—whether, in the words of the *Katz* majority, the individual's expectation, viewed objectively, is "justifiabl[e]" under the circumstances. *Id.,* at 353, 88 S.Ct. [507], at 512. \* \* \* [99 S.Ct., at 2580 (footnote and citations omitted).]

Appellant relies heavily on *United States v. Boswell,* D.C.App., 347 A.2d 270 (1975). Boswell had stolen a television and a blanket, the latter of which he used to cover the television. When he left "the covered object in the [public] hallway of [a] building [and] went next door to a laundromat, and made a phone call," a suspicious policeman lifted the blanket and copied down the serial number of the television. *Id.* at 272. The majority of the division concerned itself with principles of abandonment. It concluded that Boswell had not abandoned the stolen property and noted that "[t]here is no doubt that a citizen carrying a covered object on the street has a reasonable expectation of privacy." *Id.* at 274, *citing Campbell v. United States,* D.C.App., 273 A.2d 252, 255 (1971). Further, the majority was of the view that walking away from a stolen object does not affect a person's Fourth Amendment rights in it unless "an intent to abandon is reasonably inferable." 347 A.2d at 274. Thus, it was held that a person's Fourth Amendment rights in stolen property hinges on the thief's intent, when the thief has separated the object from his person. Contrary to that holding, *Rakas* states that a person must have a "legitimate expectation of privacy" and defines "legitimate" as more than "a subjective expectation of privacy." 99 S.Ct. at 430 n. 12. It must be "one which the law recognizes as 'legitimate'" and "one that society is prepared to recognize as 'reasonable.'" *Id.* Just as a burglar has no legitimate expectation of privacy in a building which he has unlawfully invaded, a thief has no legitimate expectation of privacy in stolen property, as such, when it is neither on his person or on premises which give rise to a legitimate expectation of privacy. *See Rakas v. Illinois, supra* at 430 n. 12; *Brown v. United States,* 411 U.S. 223, 230 n. 4, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) (interest in stolen property on the premises of another is "totally illegitimate"). *Campbell v. United States, supra,* is distinguishable because the stolen object there was immediately associated with Campbell's person. Despite Campbell's having no legitimate expectation of privacy in the stolen object itself, under *Brown,* Campbell had a legitimate expectation of privacy in his person.

We endorse the initial holding of *Boswell* and the holding of *Campbell,* as interpreted by *Boswell,* that a street pedestrian has a reasonable expectation of privacy in covered objects associated with his person. *Rakas* does not bear upon that holding. What *Rakas* does is shift the emphasis to a legitimate—socially acceptable—expectation of privacy. Thus, the inquiry in *Boswell* as to the question of the "abandonment" of the possessed stolen property is changed to whether it is sufficiently physically connected with the person to fall properly under

the umbrella of protection of personal privacy.[1]

As to the appellant, we hold that, although he subjectively may have expected that his privacy in the stolen goods would not be invaded, once he left the goods so that the police could search and seize them without either invading his person or any property interest in which he had a legitimate expectation of privacy (*i. e.,* his home or personal effects), his expectation was no longer " 'one that society is prepared to recognize as 'reasonable',' " as defined by *Rakas'* legitimacy standard, 99 S.Ct. at 430 n. 12, *quoting Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring), and *Smith v. Maryland, supra.* As were Boswell's goods, appellant Godfrey's goods were stolen and left by him momentarily, obviously not abandoned.[2] They were secreted within an object in which appellant manifestly had no legitimate expectation of privacy.[3] Appellant's relationship to the hotel cart and its trash bag was more remote than was Rakas' relationship to the area beneath the car seat in that case. *See Rakas v. Illinois, supra,* 99 S.Ct. at 433. Accordingly, we

hold that appellant had no legitimate expectation of privacy and therefore no Fourth Amendment rights in the property.[4]

Accordingly, the convictions are

*Affirmed.*

KELLY, Associate Judge, concurring in the result:

While I concur in the result reached here, I see no basis for the assertion that *Smith v. Maryland,* —— U.S. ——, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) and *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), have effectively overruled our holding in *United States v. Boswell,* D.C.App., 347 A.2d 270 (1975).[1] That claim is both irrelevant to the present decision and erroneous to its reliance on a self-perceived conflict between *Rakas* and *Boswell.*

The majority discusses two of *Boswell's* holdings. The first is that "[t]here is no doubt that a citizen carrying a covered object on the street has a reasonable expectation of privacy . . . ." *Id.* at 274. *Rakas'* discussion of the propriety of a search of various *places* in no way undercuts that *personal* right. The majority agrees and

---

**1.** In light of *Smith v. Maryland, supra,* and *Rakas v. Illinois, supra,* there appears to be little doubt that the dissenting view in *United States v. Boswell,* which basically concluded "that the question of the defendant's intent is irrelevant" (347 A.2d at 277), would prevail if that case were decided today.

**2.** The *Boswell* majority's consideration of the concept of abandonment is, of course, antithetical to the very purpose of a thief in stealing property in the first instance.

**3.** During cross examination of appellant, the following exchange occurred:
> Q. Did you consider that a permanent storage area for you?
> A. No, sir, I didn't.
> Q. Would you have had any problem if another employee said they would empty the bag if it was filled with trash?
> A. No, I wouldn't.
> Q. Did you ever use the trash bag to store your personal property in?
> A. No, sir.

Appellant also testified that the cart was used by other employees and was not in his exclusive possession by hotel assignment. As observed in *Rakas, supra,* 99 S.Ct. at 430 n. 12:

Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. One of the main rights attaching to property is the right to exclude others, see W. Blackstone, Commentaries, Book II, Ch. I, and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude.

**4.** Our concurring colleague (who was the author of the majority opinion in *United States v. Boswell, supra* ) would prefer to have this case decided on probable cause grounds. Such an approach, however, would be untrue to the facts of the case, for it is undisputed that the officer felt the trash bag and confirmed the presence of the stolen television prior to both appellant's attempted flight and his being placed under arrest. Moreover, to reach the issue of probable cause which always presupposes an intrusion into protected privacy, is contrary to the fact that appellant claimed no such interest. *See* note 2, *supra.*

---

**1.** Majority op. at 1247 n. 1.

recognizes this in its distinction of *Campbell v. United States,* D.C.App., 273 A.2d 252 (1971).

The majority then criticizes *Boswell's* ruling that a reasonable expectation of privacy will be relinquished "only if from all the circumstances, an intent to abandon is reasonably inferable." *United States v. Boswell, supra* at 274. It characterizes this as a holding "that a person's Fourth Amendment rights in stolen property hinges on the thief's intent, *when the thief has separated the object from his person,*" (emphasis added) and contrasts that with *Rakas'* holding that a privacy interest must be legitimate and more than subjective.

The second *Boswell* rule is actually a way of determining *whether* anyone (thief or not) has separated an object from his person. As such, it reiterates the traditional test for judging abandonment by an observer in the police officer's position. *Peyton v. United States,* D.C.App., 275 A.2d 229 (1971). And, like *Rakas,* it assumes that, after abandonment, there is no personal interest in avoiding search or seizure of an object.

The real question posed by *Rakas* is whether a person has a legitimate expectation of privacy in each given set of circumstances. *Rakas* held that mere occupancy of an automobile did not carry that legitimate expectation. In so doing, it relied on the special character of vehicles, *Rakas v. Illinois, supra,* 99 S.Ct. at 433, 436 (concurring opinion of Powell, J., joined by Burger, C. J.), on petitioners' "wrongful presence," *id.* at 430 n. 12, and on petitioners' failure to "claim that they had any legitimate expectation of privacy in the areas of the car which were searched." *Id.* at 434 n. 17. In rejecting the theory that mere presence in a searched automobile granted standing to raise Fourth Amendment claims the Court never implied that a person walking down the street was not secure against unreasonable searches of his person or immediate property. In fact, two concurring justices whose votes were essential for the majority opinion specifically stated that, "[t]he ra-

tionale of the automobile distinction does not apply, of course, to objects on the person of an occupant." *Id.* at 436 n. 2 (concurring opinion).

Since I believe that the "scope of privacy that a free people legitimately may expect," *id.* at 434 (concurring opinion), includes the right to walk down the street with covered packages in one's personal possession, and since I believe that *Rakas* does not overturn, or even speak to, the traditional test for abandonment of personal possessions, I am compelled to disagree with the majority's discovery of an inconsistency between *Rakas* and *Boswell.*[2]

My concurrence in this case is based on the record showing that the local police were aware that property had been stolen and secreted in the room, that this was a common modus operandi for dishonest motel employees, that appellant had deliberately taken the unusual and difficult action of closing himself and his cart in the hotel room for a few minutes and of furtively checking the hall before leaving the room and hastily wheeling the cart away. These events, all (unlike his flight at the sight of the police officers) occurring before the officers felt through the plastic bag, meet the traditional test for the probable cause exception justifying warrantless arrests and searches incident to arrest:

"[T]he facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. [*Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1311, 93 L.Ed.2d 1879 (1949), quoting *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925), quoted in *Dunaway v. New York,* —— U.S. —— at —— n. 9, 99 S.Ct. 2248 at 2254 n. 9, 60 L.Ed.2d 824 (1979).]

Since traditional probable cause analysis resolves this case, the majority's reliance on, and extension of, *Rakas v. Illinois, su-*

2. The same may be said of *Smith v. Maryland, supra.*

*pra,* seems unwarranted and unnecessary, as well as incorrect. Accordingly, I concur in the result, but dissent from the underlying rationale.