**Larry B. GODFREY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12964.**

District of Columbia Court of Appeals.

Rehearing and Rehearing En Banc
Denied May 13, 1980.

Silas J. Wasserstrom, Public Defender Service, Washington, D. C., for Godfrey.

John A. Terry, Asst. U. S. Atty., Washington, D. C., for United States.

Before NEBEKER and HARRIS, Associate Judges.

### ORDER

PER CURIAM.

The opinion in the above case, decided December 5, 1979 (408 A.2d 1244) shall be amended as follows:

On page 1246 beginning with "Just as a burglar . . . and ending with 'illegitimate'." insert the following in lieu thereof:

In *Rakas, Rakas v. Illinois, supra,* 439 U.S. 128 at 430 n.12, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 and in *Brown v. United States,* 411 U.S. 223, 230 n.4, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208 the Court addressed the reach of Fourth Amendment protection in terms of the ultimate question of guilt of the individual seeking to envoke that protection. While describing the accused in terms of "thief" or "burglar" carries the unfortunate pretrial connotation that the proponent of the motion to suppress is guilty, it would seem that no such conclusion is essential to resolving the question of standing. The real question is whether the person under the particular circumstances can be deemed to have a legitimate expectation of privacy in the thing or area searched and the item seized without reference to guilt.