**Milton M. GODDARD, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 86–1549.**

District of Columbia Court of Appeals.

Submitted April 6, 1989.

Decided May 9, 1989.

Ferris R. Bond, Reston, Va., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell and Ronald C. Crump, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

NEWMAN, Associate Judge:

Goddard contends that the trial court committed reversible error when it refused to instruct the jury on the theory of the defense. We agree and reverse.

Goddard was convicted of the unauthorized use of a motor vehicle (motorcycle) after a jury trial on an indictment charging 1) first-degree theft of a Honda 360 motorcycle; 2) receiving stolen property (the motorcycle); 3) receiving stolen property (license plate from a Yamaha motorcycle), and 4) unauthorized use of a motor vehicle (the motorcycle). The government's evidence showed that Robert Jones, the owner of the motorcycle, had purchased it secondhand for $350.00. On January 21, 1986, the motorcycle was stolen. The next day, Jones reported the theft to the police.

On March 8, 1986, members of the Metropolitan Police Department stopped Goddard (who was riding the Honda motorcycle in question) for a traffic violation. As a result of a license tag check, the officers learned that the license tags were for a Yamaha motorcycle, not the Honda motorcycle Goddard was riding. He was arrested for receiving stolen license tags; subsequent investigation disclosed that the motorcycle had been reported stolen.

Goddard testified that he was employed as a maintenance worker at Tyson's Corner, Virginia. He saw a motorcycle in a deplorable condition parked next to a trash dumpster. The motorcycle had a flat tire, was leaking oil and would not start. He observed the motorcycle, which had no license plates, in the same location for a number of days. Goddard knew that the motorcycle would eventually be removed as trash by the trash removal company. Believing it to be abandoned, he took it, repaired it and was riding it on March 8 when he was arrested.

At the close of all the evidence, Goddard requested a jury instruction on his theory of defense that the motorcycle was abandoned. The trial court declined to instruct other than on the elements of the offense, although he told counsel "[y]ou can certainly argue to the jury, properly so, that if he thought it was abandoned ... then he couldn't fit the requisite mental elements that are involved here." The trial court committed reversible error by refusing to give a proper instruction to the jury; a refusal which appears to be at odds with the trial judge's statement that counsel could "properly" argue the issue to the jury.

 As the government correctly states in its brief, "[a] defendant in a criminal case is entitled to a jury instruction on any issue fairly raised by the evidence, however weak," *Carter v. United States*, 531 A.2d 956, 959 (D.C.1987) (citations omitted), so long as a reasonable juror acting reasonably could credit the evidence. *See Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988). On the other hand, as the government again correctly points out, where "there is no rational evidence supporting the defense theory, no instruction is required," (citing *Bowler v. United States*, 480 A.2d 678, 682 n. 8 (D.C.1984)). In *Williams v. United States*, 337 A.2d 772, 774 (D.C.1975), a case on which both Goddard and the United

States heavily rely, we said "a defendant is entitled to an instruction on his theory of the case if there is evidence to support it and if it would defeat the theory of the prosecution."

Applying the foregoing test to the facts of this case, we conclude that there was sufficient evidence for a reasonable juror to conclude that Goddard *actually* and *reasonably* believed that the motorcycle was abandoned, and thus lacked the requisite *mens rea. See generally id.* at 774–75. Indeed, *Peyton v. United States,* 275 A.2d 229 (D.C.1971), the case principally relied upon in *Williams, supra,* suggests that such an instruction about actual and reasonable belief of abandonment should be given where requested in circumstances somewhat similar to those in this case. *See id.* at 230. No such instruction was requested in *Peyton.*

We conclude that Goddard was entitled to a jury instruction on the theory of the defense and its impact. *See, e.g.,* Criminal Jury Instructions for the District of Columbia, Nos. 5.02 (Alibi), 503 (Claim of Right), 512 (Intoxication) (3d ed. 1978). The refusal to give one in this case constitutes reversible error.

*Reversed and Remanded.*