**Dione M. JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 90–877.

District of Columbia Court of Appeals.

Submitted Sept. 27, 1991.
Decided Dec. 4, 1991.

Joanne D. Slaight, Washington, D.C., appointed by the court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Elizabeth Trosman, and Kenneth F. Whitted, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TERRY, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

Appellant was found guilty of one count of unauthorized use of a motor vehicle (UUV) (D.C.Code § 22–3815 (1989)).[1] He contends that the trial judge erred in refusing to modify the standard jury instruction setting forth the elements of that offense[2] to incorporate his defense that he believed, though mistakenly, that someone other than the true owner had authority to consent to his use of the vehicle. We agree with appellant and hold that, upon request, where the accused defends against a charge of UUV by asserting the belief that a third party was empowered to allow him to use the vehicle, the trial judge should instruct the jury essentially in the manner requested by appellant. Because the modified instruction was requested and not given here, and because its omission was not harmless on the particular facts of this case, we reverse and remand for a new trial.

I.

The government's evidence showed that appellant was stopped by the police while driving a Dodge Colt automobile about 1:30 a.m. without the owner's consent to do so. The car did not have a key in the ignition switch, and the ignition had been punched out. The defense testimony was that a fifteen-year-old friend drove up to appellant on the street, asked appellant to drive him to his girlfriend's house, and moved to the passenger seat so that appellant could drive. Appellant knew that the car did not belong to his friend and also knew that the friend was too young to drive lawfully. He testified, however, that he thought the

---

1. Appellant was also charged with one count of receiving stolen property (D.C.Code §§ 22–3832(a), (c)(1) (1989)), but the jury found him not guilty of that charge.

2. Criminal Jury Instructions for the District of Columbia, No. 4.66 (3d ed. 1978).

friend had permission to use the car (and hence to allow him to drive) because he had seen him driving cars before, including the same one earlier that evening, and was unaware of any problem concerning the cars the friend had driven.[3] The issue before us is not the plausibility of this defense but the trial judge's refusal to give a requested instruction allowing the jury to focus specifically on the friend's role in deciding whether appellant knew he lacked the owner's consent.

In his request for instructions, appellant asked the judge to supplement the standard jury charge for unauthorized use of a vehicle by adding the language, "or some other person empowered to consent in the owner's behalf," to the third and fourth elements of the standard instruction.[4] The judge denied appellant's request and, over his objection, gave the standard instruction without the added language. During its deliberations, the jury sent out two notes, the first asking for reinstruction on the elements of the two offenses. The second asked, specifically with regard to the unauthorized use count, "Should the authorization that we are discussing be from the owner or the fifteen-year-old?" The judge responded by repeating the standard instruction, again over appellant's objection and request for the supplemented instruction. The jury returned a verdict of guilty on the latter count.

## II.

In *Powell v. United States*, 135 U.S.App. D.C. 254, 418 F.2d 470 (1969), the United States Court of Appeals for the District of Columbia Circuit explained the consent requirement for conviction of unauthorized use of a vehicle as follows: "Adequate proof that appellant drove the cab without the consent of the owner, or some other person empowered to consent in the owner's behalf, was a precondition of conviction." *Id.* at 257, 418 F.2d at 473. *Powell* did not involve a failure to instruct on the alternative (or agency) branch of consent, but the government does not appear to dispute that, in an appropriate case, the trial court would be required on request to supplement the standard instruction in that fashion. It contends rather that there was no basis for doing so in this case, because there was no evidence suggesting that the true owner had in fact empowered appellant's friend to consent to use of the vehicle.[5]

■ The government correctly asserts that there was no evidence that the owner in fact had authorized the juvenile to use the car, much less to allow another to drive it. Thus, had appellant asked the trial judge to modify only the third element of the standard instruction, see note 4, *supra,* by adding the "some other person" lan-

---

**3.** Appellant claimed that the car was an automatic and the engine was running when he got into the car, hence he had no occasion to use the ignition switch until the police stopped him and told him to turn off the ignition. He insisted he had seen his young friend "sometimes ... do errands for people and they let him use their car for about two or three hours."

**4.** The standard instruction, as supplemented by the language (here italicized) which appellant requested, would require the government to prove:

1. That a person took a motor vehicle or that he used, operated, or removed it from any place, or that he caused it to be taken, used, operated, or removed from any place;
2. That he operated it, drove it, or caused it to be operated or driven for his own profit, use or purpose;
3. That he did so without the consent of the owner *or some other person empowered to consent in the owner's behalf;* and

**4.** That at the time the defendant took, used, operated, or removed the vehicle or caused it to be taken, used, operated or removed he knew that he did so without the consent of the owner *or some other person empowered to consent in the owner's behalf.*

**5.** The government relies on the following brief statement by the *Powell* court in a footnote: "The situation revealed by the evidence in this case does not require the expression of an opinion as to the efficacy of an *apparently* valid permission granted by one who was not authorized by the vehicle's owner to consent to its use." 135 U.S.App.D.C. at 257 n. 10, 418 F.2d at 473 n. 10 (emphasis added). As our discussion will reveal, the issue in this case turns upon the meaning of "apparently" in the above statement: must the permission be *reasonably* apparent or only apparent to the particular defendant pursuant to a genuinely held (though mistaken) belief? *Powell* had no occasion to decide this issue.

guage, the court would have been correct in denying the modification. But as the standard instruction and our decisions make clear, there is a fourth element of the offense which requires the government to prove that at the time the defendant used the vehicle, he *knew* he did so without the consent of the owner. *See Allen v. United States,* 377 A.2d 65, 67 n. 6 (D.C.), *cert. denied,* 434 U.S. 1000, 98 S.Ct. 645, 54 L.Ed.2d 497 (1977); *Fleming v. United States,* 310 A.2d 214, 219 (D.C.1973).[6] Appellant testified that he lacked the necessary knowledge because he believed, however mistakenly, that his friend had permission to use the car and in turn let him drive it. His requested modification of the fourth element was designed to have the jury focus specifically on the genuineness or good faith of this belief. The instruction which the court gave, by contrast, defined the issue only in terms of whether appellant knew he lacked the consent of the *owner.* Appellant argues that this instruction created an unfair risk that the jury would conclude his belief about his friend's authority to give consent was irrelevant as a matter of law. In light of the question subsequently asked by the jury, the argument is well taken in this case.

■ "A defendant in a criminal case is entitled to a jury instruction on any issue fairly raised by the evidence, 'however weak' that evidence may be." *Carter v. United States,* 531 A.2d 956, 959 (D.C.1987) (citations omitted). This is true "even though the sole testimony in support of the defense is his own." *Tatum v. United States,* 88 U.S.App.D.C. 386, 391, 190 F.2d 612, 617 (1951), *cert. denied,* 356 U.S. 943, 78 S.Ct. 788, 2 L.Ed.2d 818 (1958); *accord, Goddard v. United States,* 557 A.2d 1315, 1316 (D.C.1989). The government argues that there was no foundation in the evidence for appellant's requested modification because there was no proof that he *reasonably* believed the friend had authority to use and consent to use of the car. We cannot discern any reasonableness requirement in the UUV statute in

regard to appellant's state-of-mind defense. In *Fleming, supra,* in discussing a similar defense, we observed that "[a]ppellant's claim that he bought the car *in good faith* from an individual who purported to be the true owner is a good defense if after hearing the testimony the jury is left with a reasonable doubt as to the guilt of the accused." 310 A.2d at 219 (emphasis added). Similarly, *United States v. Howard,* 139 U.S.App.D.C. 347, 433 F.2d 505 (1970), involved a defense of "innocent borrowing," the accused maintaining he had borrowed the stolen vehicle from a person "he sincerely believed was the true owner." *Id.* at 348, 433 F.2d at 506. The court held, *inter alia,* that the jury was sufficiently apprised of this theory and that the failure to instruct more particularly on the defense's theory was not plain error, there having been no request for the instruction. *Id.* at 354, 433 F.2d at 512. Neither of these decisions is consistent with the view that appellant must have entertained a *reasonable* belief, founded in evidence other than his own testimony, in the juvenile's apparent authority before he was entitled to have the jury consider that defense on the instruction he requested. The reasonableness of appellant's belief was, of course, evidence the jury could consider in deciding whether he in fact believed the friend could consent. *Cf. Thomas v. United States,* 557 A.2d 1296, 1300 (D.C.1989). But the absence of objective proof supporting the belief was not grounds to deny appellant the requested instruction focusing on his perception of the third party's authority. *Cf. Charles v. United States,* 371 A.2d 404, 410 (D.C.1977) (discussing similar knowledge requirement for offense of receiving stolen property and stating that generally defendant's knowledge and intent are questions for trier of fact); *DiGiovanni v. United States,* 580 A.2d 123, 126 (D.C.1990) (Steadman, J., concurring) (mental state for receiving stolen property "should be interpreted and defined as a subjective one, focusing on the defendant's actual state of mind, and not simply on

---

6. The government does not dispute that the fourth, or knowledge, element is firmly embed-ded in the requirements for conviction of unauthorized use of a motor vehicle.

what a reasonable person might have thought").[7]

 The remaining question is whether the failure to supplement the standard instruction as requested affected appellant's substantial rights. D.C.Code § 11–721(e) (1989). Ordinarily we would find it difficult to conclude that failure to add the "some other person" language was so prejudicial as to require reversal of a conviction. That is because the unmodified standard instruction does not prevent an accused from arguing, as appellant did here, that if the jury believed he genuinely thought his friend had authority to use the car and let him drive it temporarily, he lacked the knowledge required by the statute. The problem in this case is that the jury labored under apparent uncertainty on the very point of whether the third party's consent (rather than the owner's) was relevant to appellant's knowledge. Its second note to the court asked, "Should the authorization that we are discussing be from the owner or the fifteen-year-old?" A logical inference is that the jury was concerned, in substantial part, with whether it *mattered* that appellant testified he believed his friend had consent to use the car if there was no evidence the owner in fact had given permission. The instruction appellant sought, and the court refused, went directly to this point. True, even with the requested instruction the jury might have found that appellant knew his underage and unlicensed friend lacked permission to use the car. But we know the jury was troubled by the relevance of the authority on which appellant purported to rely, and we cannot hold with assurance that the evidence supporting his claimed lack of knowledge was so weak that the omitted instruction would have had no effect on the jury's decision. *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

Accordingly, the judgment of the Superior Court is

*Reversed.*

---

**7.** *Williams v. United States*, 337 A.2d 772 (D.C.1975), does not contradict this analysis, for in that case our requirement that the accused's belief that the vehicle was *abandoned* must be "reasonable" to warrant a jury instruction on the defense stemmed from the peculiar nature of the defense of abandonment, as to which we had stated previously: "[A]n intention to abandon will not ordinarily be presumed," and thus "[p]roof of abandonment must be made by the one asserting it by clear, unequivocal and decisive evidence." *Id.* at 774 (quoting *Peyton v. United States*, 275 A.2d 229, 230 (D.C.1971). *See also Goddard*, 557 A.2d at 1317.