*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CM-476

CERRON H. HAWKINS, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CMD-17143-12)

(Hon. Yvonne Williams, Trial Judge)

(Argued October 24, 2014                    Decided November 13, 2014)

*Sean J. Farrelly* for appellant.

*Kristina L. Ament*, Assistant United States Attorney, with whom *Ronald C. Machen Jr.*, United States Attorney, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant United States Attorneys, were on the brief, for appellee.

Before WASHINGTON, *Chief Judge*, FISHER, *Associate Judge*, and FARRELL, *Senior Judge*.

PER CURIAM: Following a bench trial, the judge found appellant guilty of second-degree theft of a bicycle that Metro Police officers, as part of a so called bait-bike operation, had placed on a bicycle rack near the entrance to a Metro station. Appellant, conceding that "[t]he only disputed evidence in this case relates

. . . to the element of intent" (Br. for Appellant at 7), argues that the trial judge misapprehended the law in rejecting his defense that he believed the bicycle had been abandoned, because the judge found that he could not reasonably have held that belief in the circumstances.

The government now acknowledges that this was error. It concedes, first, and correctly, that in finding appellant guilty the judge focused on the reasonableness *vel non* of his belief that the bicycle belonged to no one and thus he could claim it for himself. She answered this question "no" because, among other things, the bicycle did not "look completely abandoned" from a photograph in evidence; appellant had "only [seen] the bike [on the bicycle rack] over a course of maybe five to ten minutes"; and it lacked the specific badge of abandoned property carried by other bikes on the rack, which bore orange stickers revealing Metro's intent for them to be removed as abandoned. In short, the judge found that appellant acted rashly, not reasonably, in inferring (if he did infer) that the bike belonged to no one else: "If you're going to take something that's not yours, you need to fully research it. And that clearly was not done."

The government further concedes that, for a crime such as theft requiring

proof of specific intent by the government,[1] a defendant need not show that his belief that the property was abandoned was reasonable. Our decisions imposing a reasonableness requirement have all concerned crimes of general intent. *See Simms v. United States*, 612 A.2d 215, 218 (D.C. 1992); *Goddard v. United States*, 557 A.2d 1315, 1316 (D.C. 1989); *Williams v. United States*, 337 A.2d 772, 774-75 (D.C. 1975).[2] Those decisions implicitly acknowledge the contrary rule, that where specific intent is at issue, abandonment as a defense is available if "[o]ne . . . [has] take[n] the property of another honestly but mistakenly believing . . . that it is no one's property. . . . In any such event, he lacks the intent to steal required for larceny, even though his mistaken but honest belief was unreasonable." WAYNE R.

---

[1] To prove second-degree theft "the government must prove: (1) that the accused "wrongfully obtained the property of [another], (2) that at the time he obtained it, he specifically intended either to deprive [another] of a right to the property or a benefit of the property or to take or make use of the property for [himself] . . . without authority or right, and (3) that the property had some value." *Russell v. United States*, 65 A.3d 1172, 1176-77 (D.C. 2013) (citation and internal quotation marks omitted).

[2] "Appellant's defense that he believed the [automobile] abandoned is essentially a defense of mistake of fact," and "[i]n general intent crimes, . . . a defendant may interpose a mistake of fact defense if the defendant proves 'to the satisfaction of the fact finder that the mistake was both (1) honest and (2) reasonable.'" *Simms*, 612 A.2d at 218 (quoting *Williams*, 337 A.2d at 774-75) (further citations omitted). In this appeal, we are not asked to and do not revisit whether the language just quoted connotes a shift to the defendant of the burden of both persuasion and production of evidence. *See generally Mullaney v. Wilbur*, 421 U.S. 684, 695 n.20, 701 n.28, 702 n.30 (1975).

LAFAVE, SUBSTANTIVE CRIMINAL LAW § 19.5(a) at 88-89 (2d ed. 2003) ("Claim of Right"). *See also Richardson v. United States*, 403 F.2d 574, 576 (D.C. Cir. 1968) ("[S]pecific intent depends upon a state of mind, not upon a legal fact" such as actual entitlement to property) (citing *Morissette v. United States*, 342 U.S. 246 (1952)); *In re Mitrano*, 952 A.2d 901, 905 (D.C. 2008) (recognizing that "an *unreasonable*, but honestly held, belief would preclude [a] finding of theft") (emphasis in original).

The question remains, therefore, of the proper remedy for the trial court's error. Appellant asserts that the right course of action is entry of an acquittal, because the judge in her findings accepted the "truthful[ness]" of his belief that the bicycle belonged to no one. But given her misunderstanding that a defendant's actual belief is insufficient to make out abandonment as a defense to theft, the judge cannot be said to have resolved unambiguously an issue – appellant's mistaken but genuine belief *vel non* – that she considered unnecessary to the verdict. And, contrary to appellant's additional argument, the record evidence would not preclude, as a matter of law, a finding that he lacked a genuinely held belief that he could claim ownership of the property. By the same token, however, we reject the government's position at oral argument that appellant's own

testimony negated, as a matter of law, an actual belief on his part that the bicycle had been abandoned. The testimony supported fair inferences either way on whether appellant actually believed the property belonged to no none.

In a situation like this, our decisions dictate the proper course, because "it is not our role to reweigh the evidence on appeal. That is the trial court's responsibility." *Lazo v. United States*, 54 A.3d 1221, 1230 (D.C. 2013). "In a bench trial, . . . the trial court will often reveal the precise basis for the decision . . . [I]f that particular basis is erroneous but other bases not addressed by the trial court would sustain a conviction, the proper course of action is to remand rather than reverse outright." *Id.* (quoting *Foster v. United States*, 699 A.2d 1113, 1116-17 n.5 (D.C. 1997)). "Therefore, 'we are constrained to remand this case for the court to reweigh the evidence in the record afresh, and render a new verdict.'" *Grayson v. United States*, 953 A.2d 327, 328 (D.C. 2008) (quoting *Shewarega v. Yegzaw*, 947 A.2d 47, 54 (D.C. 2008)).[3]

*So ordered*.

---

[3] The possible entry of a judgment of conviction on the lesser included offense of taking property without right, a general intent crime, *see* D.C. Code § 22-3216 (2012 Repl.), must await the result of the remand.