335 So.2d 371 (1976)
STATE of Florida, Appellant,
v.
Richard Byron DETLEFSON, Appellee.
No. AA-321.
District Court of Appeal of Florida, First District.
July 27, 1976.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., Tallahassee, for appellant.
*372 Rudy Hernandez, Jacksonville, for appellee.
SMITH; Judge.
The State appeals from an order suppressing drugs and drug paraphernalia seized pursuant to a warrant held insufficient by Fourth Amendment standards. We reverse.
The affidavit on which the warrant was issued recited that patrolman Fouty had observed two marijuana plants on the front porch of the specified dwelling house on September 30, 1975, after observing the plants "on the porch at certain times and not visible at certain times" for approximately two weeks. His attention was initially called to the plants by an informant whose reliability was not demonstrated and is not here relied on by the State.[1] Patrolman Fouty's testimony revealed that he entered the yard and front porch of the premises on suspicion derived from the informant's tip and his own inconclusive identification from the street, and that he positively identified the growing marijuana only on approaching it closer.
The informer's tip provided patrolman Fouty with only a suspicion that the growing material on appellant's porch was marijuana. But that suspicion, coupled with his own observations, justified crossing the yard to look closer. The entry into the yard and onto the porch to identify suspected contraband plainly visible in less detail from the street did not violate Fourth Amendment standards. State v. Belcher, 317 So.2d 842 (Fla.App.2d, 1975); Boim v. State, 194 So.2d 313 (Fla.App.3d, 1967). It cannot be said the defendant had a reasonable expectation of privacy in the front porch of his home where, presumably, delivery men and others were free to observe the plants thereon. E.g., People v. Bradley, 1 Cal.3d 80, 81 Cal. Rptr. 457, 460 P.2d 129 (1969). See also State v. Clarke, 242 So.2d 791 (Fla.App.4th, 1971), cert. den. 246 So.2d 112 (Fla. 1971). The officer's identification of the marijuana at close range, together with his prior observation that the plants so identified were periodically removed from and returned to the porch, supplied an adequate basis for the issuance of a warrant. Cf. Howell v. State, 333 So.2d 491 (Fla.App.1st, 1976).
REVERSED.
BOYER, C.J., and MILLS, J., concur.
NOTES
[1] An affidavit otherwise sufficient is not tainted by reference to an inadequate tip by an informant. State v. Smith, 233 So.2d 396, 398 (Fla. 1970).