BOARDMAN, Judge.
Appellant pled nolo contendere to charges of possession of diazepam and cocaine in violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, reserving the right to appeal the denial of his motion to suppress evidence. The sole question for our consideration is whether the trial court erred in denying appellant’s motion. Upon review of the record, we reverse.
The facts are as follows: Peter Hackett, his wife, and minor child rented a room in the Gulf Towers Motel in Indian Rocks Beach. When they checked out, they had paid $180 of their bill leaving an amount unpaid of approximately $600. Their luggage, consisting of several bags, was left in the room; they informed Mrs. Schiefer, owner of the motel, that they were going to Western Union to pick up the money they owed and would return to pay the bill. Not having heard from appellant by 1 p. m., Schiefer removed the luggage from the room and stored it. Later that day, around 5 p. m., appellant telephoned Schiefer and told her that his money had not arrived, whereupon she gave him until 5 p. m. the following day to pay the bill. However, when appellant had not contacted her by late the following afternoon, she became uneasy and contacted the police. Two officers came to the motel and were advised that appellant’s luggage was in storage. The suitcases were opened, and the officers and Mrs. Schiefer looked through the luggage for identification and for another address on appellant. During the search Sergeant Richard Cantelmo found a pouch, a Florsheim shoe bag, inside a purse in one of the suitcases. Inside the pouch was a plastic bag containing white powder. After finding this pouch, the officers put everything back in the suitcases and took the luggage to the police station.
The sergeant returned to the motel and waited for appellant to return because he had been told by Mrs. Schiefer that appellant had been telephoning her and had promised to return and pay the bill. Appellant did not return, and later Sergeant Can-telmo was instructed to go to the Surf Motel in Bellair Beach. There he located appellant and his wife. He approached them and advised them that he was investigating their failure to pay their Gulf Towers Motel bill and asked that they return with him to headquarters. At the police station appellant was questioned by the police outside the presence of his wife, who was in another room in the police station. Appellant was asked if he would consent to a search of his luggage. Appellant agreed and signed a consent form. At no time was appellant advised by the officers that his luggage had already been searched or that suspected contraband had been found in one of the suitcases. The luggage was then opened and searched in front of appellant, and the Florsheim bag Cantelmo had already seen, a plastic baggie with residue on it, a strainer with residue on it, a silver spoon, and an envelope containing five vali-um tablets were found.
It is clear that on these facts the warrantless search of appellant’s luggage was illegal and violative of the Fourth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 12 of the Constitution of the State of Florida.
We cannot agree with the state’s contention that the suitcases were in effect abandoned. Appellant had at all times exhibited an intention to return for his luggage as soon as he had obtained the funds to pay his outstanding bill; he had in effect left his luggage as collateral, which he intended to redeem. The circumstances here are not analogous to the situation in Jones v. State, 332 So.2d 615 (Fla.1976), upon which the state relies. There the defendant had “left town hurriedly on an obviously one-way trip north,’’ id. at 618, and had clearly abandoned the belongings he had left in the shack in which he had been living.
*37 The state next contends that even if appellant possessed a reasonable expectation of privacy in the contents of the suitcases, he waived that expectation by consenting to the search. Not so. Our supreme court in Norman v. State, 379 So.2d 643 (Fla.1980), stated that although consent obtained after illegal police activity positively taints and renders involuntary any consent to search, voluntary consent will purge the taint of illegality and overcome the presumption of inadmissibility when (1) there is an absence of coercive tactics in securing the consent and (2) there are present significant intervening occurrences between the illegality and the evidence sought to be used. Appellant was being investigated for defrauding an innkeeper, an offense for which he was never arrested or charged. He was at the police station during his interrogation and was not free to leave. In our view he was in a coercive setting. The state failed to meet its required burden of proof that the consent was voluntary. Bailey v. State, 319 So.2d 22 (Fla.1975); Sheff v. State, 329 So.2d 270 (Fla.1976).
The record shows no exigent or other exceptional circumstances; therefore, the warrantless intrusion into appellant’s luggage was Unreasonable. The seizure of the contraband was the fruit of an unlawful search, and the evidence should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
The order of the trial court denying the motion to suppress the evidence is REVERSED, and appellant is ordered discharged.
HOBSON, Acting C. J., and DANAHY, J., concur.