420 So.2d 377 (1982)
Michael O'SHAUGHNESSY, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1211.
District Court of Appeal of Florida, Third District.
October 12, 1982.
Bennett H. Brummer, Public Defender and Bruce Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
*378 DANIEL S. PEARSON, Judge.
The issue in this case is whether the defendant parted with his jacket under circumstances which showed that he no longer retained any justified expectation of privacy in it which could have been invaded by a search of the jacket.
O'Shaughnessy, at a police officer's insistence, accompanied the officer to a house in the neighborhood where the defendant had been stopped by the officer.[1] The purpose of going there was to verify the defendant's explanation of his presence in the neighborhood, the defendant having told the officer that he had just come from a visit to the house. At some point while the officer and the defendant were in front of the house, the defendant removed his jacket and laid it on a hedge near the porch of the house. Finding no one home, the officer and defendant turned and began to walk away. The officer believed that the defendant had removed his jacket because he was hot or nervous. He picked up the jacket to hand it to the defendant and, feeling that the jacket was heavy and noticing a bulge in the jacket pocket which he admittedly did not suspect to be a weapon, he proceeded to search the jacket and uncovered jewelry and a jewelry box, the objects which the defendant unsuccessfully sought to suppress.[2]
Not every physical separation of the person and the object he is carrying or wearing constitutes an abandonment of such property and a loss of rights protected by the Fourth Amendment. Thus, where the defendant, carrying an object covered with a blanket sets it down while he makes a phone call some twenty or thirty feet away, United States v. Boswell, 347 A.2d 270 (D.C. 1975), or puts a suitcase down and takes a few steps away from it when a drug enforcement agent and policeman address him, United States v. Jackson, 544 F.2d 407 (9th Cir.1976), the property is held not to have been abandoned. See also Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960) (a "passenger who lets a package drop to the floor of the taxicab in which he is riding can hardly be said to have `abandoned' it"); Hackett v. State, 386 So.2d 35 (Fla. 2d DCA 1980) (where defendant leaves luggage at motel exhibiting at that time an intention to return for it when he obtains funds to pay outstanding bill, luggage not abandoned). Compare Morton v. State, 284 Md. 526, 397 A.2d 1385 (1979) (one who places one's personal belongings on the sidelines of a basketball court does not ipso facto forfeit legitimate expectation of privacy and invite unfettered governmental intrusion) with People v. Loveless, 80 Ill. App.3d 1052, 36 Ill.Dec. 120, 400 N.E.2d 540 (1980) (one who places coat on a table in a busy tavern can be said to reasonably expect that the coat will be touched or handled by someone who desires to use the table; thus no expectation of privacy is offended when police officer picks up jacket and package containing contraband falls out).
The conclusion that a person abandoned his property, in the context of forfeiting his right to complain of a search of it or seizure from it, is said to be an ultimate fact based generally upon a combination of action and intent, United States v. Alden, 576 F.2d 772 (8th Cir.1978); Friedman v. United States, 347 F.2d 697 (8th Cir.1965), or inferred from the words, acts and other objective facts, United States v. Kendall, 655 F.2d 199 (9th Cir.1981). In its argument both before the trial court and us, the State asserted that the defendant's intent to abandon the coat could be inferred from the fact that he knew that incriminating evidence was in the coat. The insidiousness of this suggestion is that an intent to abandon can be inferred in every case where the ultimate search turns up incriminating evidence, as unpalatable a proposition as that a search can be justified by what it uncovers. Moreover, if the defendant's subjective intent were to be taken into account, that *379 subjective intent would likely include the defendant's goal to retrieve the jacket at a later time, the antithesis of an intent to abandon. Thus, those courts which have addressed the issue have concluded that the test to be applied in determining whether a person has abandoned property is an objective one  the words used, the conduct exhibited, and other objective facts such as where and for what length of time the property is relinquished and the condition of the property. United States v. Kendall, supra; United States v. Williams, 569 F.2d 823 (5th Cir.1978); Morton v. States, supra.
We think it clear from the words, acts and other objective facts of the present case, which are fully set forth, that by removing his jacket, placing it on a hedge a few feet from him, and commencing to walk away in front of the officer, the defendant did not renounce his justified expectation of privacy in the jacket or its contents.
"An abandonment must be made to appear affirmatively by the party relying on it, and an intention to abandon will not ordinarily be presumed, and this is particularly true if the conduct of the owner can be explained consistently with a continued claim. Proof of abandonment must be made by the one asserting it by clear, unequivocal and decisive evidence." Friedman v. United States, supra at 704.
See also United States v. Boswell, supra at 274; Peyton v. United States, 275 A.2d 229, 230 (D.C. 1971). The evidence supporting the trial court's conclusion of abandonment in the present case is neither clear, unequivocal, nor decisive. Indeed, there is, in our view, no fact more supportive of the opposite conclusion than the officer's act of picking up the jacket to return it to the defendant. That fact alone belies any belief on the officer's part that the jacket was abandoned. See United States v. Boswell, supra (where, as in the present case, the police officer who was the only eyewitness to the defendant's actions did not believe the property to have been abandoned). While the defendant might be said to have no expectation that the officer would not touch or handle the jacket to return it to him, he cannot be said to have lost his expectation that the jacket would not be searched. See People v. Loveless, supra.
Our conclusion that there was no abandonment makes it unnecessary for us to reach the separate question whether the defendant's act of placing his jacket on the hedge was a result of unlawful police action and thus involuntary. Compare State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979); People v. Boodle, 47 N.Y.2d 398, 418 N.Y.S.2d 352, 391 N.E.2d 1329, cert. denied, 444 U.S. 969, 100 S.Ct. 461, 62 L.Ed.2d 383 (1979) with Martinez v. State, 414 So.2d 301 (Fla. 4th DCA 1982); Monahan v. State, 390 So.2d 756 (Fla. 3d DCA 1980); United States v. Beck, 602 F.2d 726 (5th Cir.1979); Commonwealth v. Harris, 491 Pa. 402, 421 A.2d 199 (1980); Commonwealth v. Barnett, 484 Pa. 211, 398 A.2d 1019 (1979); Commonwealth v. Jeffries, 454 Pa. 320, 311 A.2d 914 (1973); State v. Chopin, 372 So.2d 1222 (La. 1979).
Reversed.
HENDRY, J., dissents.
NOTES
[1] The trial court found that O'Shaughnessy was illegally stopped. That finding is irrelevant to our decision.
[2] The facts set forth are from the testimony of the police officer, the only witness at the suppression hearing.