444 So.2d 1032 (1984)
Ronald KOEHLER, Appellant,
v.
STATE of Florida, Appellee.
No. AS-348.
District Court of Appeal of Florida, First District.
January 18, 1984.
Rehearing Denied February 24, 1984.
Michael Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Koehler, having entered a plea of nolo contendere to the offense of burglary of a dwelling, appeals the trial court's order denying his motion to suppress tangible evidence and statements. Koehler contends that the evidence seized and the statements made were products of an illegal arrest. He asserts two grounds: (1) that the warrantless arrest was made without probable cause; and (2) that the arrest at his home without warrant was violative of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). We affirm as to both grounds. We do not treat further the first question other than to note that the officers, at the time they arrested Koehler, had probable cause to believe that he was the one who burglarized Mrs. Collins' residence and stole a box filled with rolled coins. It is necessary, however, to discuss further the alleged Payton violation.
Koehler was a suspect when Officers McLanahan and Coxen went to his residence at approximately 8 p.m. to "get his side of the story" concerning suspicious circumstances surrounding Koehler's having attempted to cash certain rolled coins. They had not yet determined to arrest Koehler. The officers parked their vehicle on the street near the front door of Koehler's residence. The front yard was unfenced. They walked onto the unenclosed front porch and Mrs. Koehler, appellant's *1033 ex-wife, answered the door. The officers identified themselves and told her they needed to speak to Koehler with reference to a burglary. Mrs. Koehler, who said that she would get Koehler, went back inside and closed the door. A few minutes later, Koehler came out onto the front porch. The officers gave him the Miranda warnings and then asked him if he had any knowledge of the burglary. Koehler stated that he did not and that he had been home all day. The officers knew that Koehler was lying about his whereabouts inasmuch as they had reliable information that Koehler had been seen at various places other than his residence earlier in the day. The officers decided that Koehler's false statements, together with other facts which their investigation had disclosed, gave them the requisite probable cause to place Koehler under arrest, and they did so. At that time, Koehler and the officers were on the porch approximately six feet from the front door of Koehler's residence. Upon his arrest, the officers searched Koehler and found rolled coins similar to those taken in the burglary. An hour later, Koehler confessed to the burglary.
Generally, Payton v. New York held that the police may not enter a suspect's home to arrest without an arrest warrant absent exigent circumstances. The Supreme Court said:
The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home  a zone that finds its roots in clear and specific constitutional terms: "The right of the people to be secure in their ... houses . .. shall not be violated." That language unequivocally establishes the proposition that "[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable Government intrusion." Silverman v. United States, 365 U.S. 505, 511, [81 S.Ct. 679, 682] 5 L.Ed.2d 734, 97 A.L.R.2d 1277 [1961]. In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.
[445 U.S. at 589, 100 S.Ct. at 1381]
The principles of Payton were not violated by the arrest in the instant case. Koehler, situated as he was on his unenclosed front porch and exposed to public view, was not within the protected threshold contemplated by Payton. Nor was the arrest an invasion of the defendant's privacy within the meaning of Article I, Section 12, of the Florida Constitution.
Appellant's reliance upon our decision in Brown v. State, 392 So.2d 280 (Fla. 1st DCA 1980), is misplaced. As the following excerpt from our opinion will reveal, the facts in Brown were materially different from those involved in the case at bar:
In contrast to [United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976)], the officers in the case sub judice drove into Brown's enclosed yard at approximately 1:45 a.m. and arrested him when he came out on his back porch. Both the officers and Brown were in a place where Brown, particularly at that time of night at his back door, could expect privacy. He was on his back porch, a part of the house, and the officers had driven into his enclosed private yard. On the other hand, in the Santana opinion, there is no indication that the officers drove into an enclosure of Mrs. Santana's premises.
[392 So.2d at 284]
Appellant having failed to demonstrate reversible error, the judgment is AFFIRMED.
SMITH and WIGGINTON, JJ., concur.