GLICKSTEIN, Judge,
concurring specially.
This is the companion case to Manuel v. State, 526 So.2d 82 (1987), the decision in which is being issued today. The facts and analysis of the initial stop are contained in the other case. The issue here is whether it was error for the trial court to suppress evidence; namely, the gun found by the officer in the paper bag. I agree that it was not error for the trial court to do so because the facts support the conclusion that the defendant did not voluntarily abandon the paper bag in a way or in an area where he had no reasonable expectation of privacy. See State v. Davis, 415 So.2d 82 (Fla. 4th DCA 1982). It cannot be assumed that in every instance where a defendant relinquishes possession of an item, a voluntary abandonment has occurred. The fundamental question is — did the relinquishment occur under circumstances which indicate that the defendant retained no justified expectation of privacy in the object? See 1 W. LaFave, Search and Seizure § 2.6(b), at 467 (1987). According to the Third District Court of Appeal in O’Shaughnessy v. State, 420 So.2d 377, 379 (Fla. 3d DCA 1982), those courts that have addressed the issue have determined that in deciding whether a person has voluntarily abandoned property, an objective test must be applied to the facts of the case. One should examine-
the words used, the conduct exhibited, and other objective facts such as where and for what length of time the property is relinquished and the condition of the property.
Id. at 379.
In the instant case, the trial court appears to have correctly applied the foregoing objective test, as in its order it sets forth the basis upon which it determines that no voluntary abandonment took place. The grounds set forth by the trial court are that—
[t]he Defendant dropped the paper bag only as a result of his tripping on the hedge. It is obvious that the Defendant *86 failed to regain custody of the bag and it’s contents only after being confronted by an unholstered firearm in the possession of the police officer ... [T]he Defendant would have recovered the bag but for the armed policers apparent threat.
(emphasis added). The facts of the defendant tripping over the hedge and of the police officer pointing his gun at the defendant distinguish this case from those where voluntary abandonment have been deemed to occur. The typical abandonment case involves a defendant who intentionally disposes of incriminating objects as he is approached or pursued by the police. See, e.g., Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972), and State v. Nitollo, 317 So.2d 748 (Fla.1975). This case involved the unintentional dropping of the paper bag by the defendant and a factual finding by the trial court that but for the police pointing a gun at defendant, defendant would have retrieved the bag prior to continuing his flight.
It is the function of the trial courts to carefully weigh the abandonment testimony. Appellate courts are precluded from reevaluating this testimony in the absence of “inherently incredible and improbable testimony.” State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979).