PER CURIAM.
The denial of the defendant’s motion to suppress was error. The state concedes the illegality of the search, and the evidence of record is legally insufficient to establish that defendant abandoned the credit cards which apparently fell to the ground during the struggle with the offi *883 cer. See Ippolito v. State, 80 So.2d 332 (Fla.1955) (en banc); O’Shaughnessy v. State, 420 So.2d 377 (Pla. 3d DCA 1982). The state has not shown that this ruling and the admission of such evidence during trial was harmless under the test laid down in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The judgment of conviction is reversed and the cause remanded for a new trial.