536 So.2d 1113 (1988)
Kelvin KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1721.
District Court of Appeal of Florida, First District.
December 15, 1988.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant appeals from a probation revocation order and the judgment and sentence imposed as a consequence thereof. The basis of the revocation was his possession of controlled substance paraphernalia (a crackpipe) which was seized from his pants pocket when he was placed under arrest for possession of cocaine. The cocaine  which later turned out to be soap shavings  had been discovered by the same officer a few minutes earlier in a backpack attached to the bicycle which the defendant had parked a short time earlier in a nearby Long John Silver's restaurant parking lot.
The relevant facts appear to be uncontroverted. Shortly after midnight, Officer Bruce, while on routine patrol, entered the restaurant parking lot and observed a group of persons standing around. One of the individuals was the defendant whom the officer had seen across the street at a service station a few nights earlier. The officer testified that the defendant got into an automobile with another person and drove off. The car did not speed when it left and there had been no contact between the officer and the defendant before the car left. The same thing had occurred on the prior occasion when the officer had seen the defendant at the nearby gas station.
The officer asked the remaining people in the group if they knew the person who had just left (the defendant). One of the persons responded in the affirmative, told the officer the defendant's name and indicated that the female bicycle, which was parked in the parking lot, belonged to the defendant. Within 5-10 minutes of the defendant's departure, the officer opened the backpack which was attached to the bicycle and searched the same. He found a pair of Levi trousers with a small plastic bag containing white powder and several hard rock substances.[1]
Approximately 15 minutes later, the officer saw the defendant at the U.S.A. service station across the street from the parking lot. The officer ordered the defendant out of the car and proceeded to search the defendant and found a "crackpipe" in the defendant's pants pocket. The officer testified that his search was conducted pursuant *1114 to his arrest of the defendant for possession of what he believed to have been cocaine.
As recognized by the parties and the trial court, the validity of the probation revocation order and consequent judgment and sentence is dependent upon the legality of the officer's search of the defendant's backpack. If that search was illegal, then the subsequent arrest and search of the defendant were not justified. The exclusionary rule applies to probation revocation proceedings as well as to proceedings involving criminal charges. State v. Cross, 487 So.2d 1056 (Fla. 1986).
The state relies, as did the trial court, upon the theory of abandonment. That is, the defendant is said to have abandoned his bicycle and backpack. It is important to recognize here the distinction between the use of the term "abandonment" with respect to property law analysis and the use of the same term in its application to search and seizure issues. The distinction has been well stated in City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365 (1975):
In the law of property, the question, as defendant correctly states, is whether the owner has voluntarily, intentionally, and unconditionally relinquished his interest in the property so that another, having acquired possession, may successfully assert his superior interest. Brown, Personal Property (3 ed.) § 1.6. In the law of search and seizure, however, the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. Cf. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In essence, what is abandoned is not necessarily the defendant's property,[10] but his reasonable expectation of privacy therein.
[10] In some cases, of course, the property will be abandoned in the property sense as well, e.g., Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Friedman v. United States, 347 F.2d 697 (8 Cir.1965).
See also LaFave, Search & Seizure, (2d ed.), § 2.6(b).
Whether property has been "abandoned" for search and seizure purposes is viewed primarily as a question of intent, to be inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment. As stated by our sister court in O'Shaughnessy v. State, 420 So.2d 377, 379 (Fla. 3rd DCA 1982):
[T]he test to be applied in determining whether a person has abandoned property is an objective one  the words used, the conduct exhibited, and other objective facts such as where and for what length of time the property is relinquished and the condition of the property. United States v. Kendall [655 F.2d 199 (9th Cir.1981)] supra; United States v. Williams, 569 F.2d 823 (5th Cir.1978); Morton v. State, [284 Md. 526, 397 A.2d 1385 (1979)].
The burden is on the state to establish abandonment and it has been said that the proof thereof must be by "clear, unequivocal and decisive evidence." O'Shaughnessy, 420 So.2d at 379; Friedman v. United States, 347 F.2d 697 (8th Cir.1965).
Measured by the above standards, we do not believe that the facts with which the police officer was confronted justified a reasonable belief that the defendant had abandoned his bicycle and backpack. From the testimony, it appears that: (1) there was nothing unusual about the defendant's departure in the automobile with another person at the time the officer arrived on the scene; (2) there was nothing to suggest that the defendant did not intend to return soon; (3) as far as the officer knew, the defendant's bicycle was left parked temporarily at the parking lot in the company of a group of persons at least one of whom was acquainted with the defendant; and (4) the officer searched the backpack only 5 to 10 minutes after the defendant's departure.
Although we do not agree with appellant's assertions that the bicycle should be viewed, for purposes of Fourth Amendment abandonment analysis, as the functional *1115 equivalent of an automobile,[2] we do agree with appellant that his relinquishment of possession of the bicycle and backpack was not accompanied by circumstances which clearly indicate that he retained no justifiable expectation of privacy.
This is admittedly a close case. Although we express no opinion, a different result might have been obtained if the bicycle had been left either amidst a group of strangers or in the parking lot with no one nearby, or if the bicycle had been left in the parking lot for a longer period than 5-10 minutes.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Although this substance later proved not to be illicit drugs, the defense apparently conceded that the officer reasonably believed that the substance was cocaine.
[2] See Weed v. Wainwright, 325 So.2d 44 (Fla. 4th DCA 1975).