NESBITT, Senior Judge,
specially concurring.
I concur with the majority decision, but write separately to explain why I believe the trial court properly granted the juvenile’s motion to suppress. While I do not question consideration of California v. Hodari, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690(1991), I conclude affirmance is nonetheless mandated, where the boy shed his shorts on his own property and the shorts were immediately placed in the family washing machine. Under the facts at hand, I find that O’Shaughnessy v. State, 420 So.2d 377(Fla. 3d DCA 1982), as cited by the juvenile, supports the conclusion that the shorts should not be viewed as abandoned property subject to police inspection.
[T]he test to be applied in determining whether a person has abandoned property is an objective one' — the words used, the conduct exhibited, and other objective facts such as where and for what length of time the property is relinquished and the condition of the property. United States v. Kendall, [655 F.2d 199 (9th Cir.1981) ] supra, United States v. Williams, 569 F.2d 823 (5th Cir.1978); Morton v. State, [284 Md. 526, 397 A.2d 1385 (1979) ].
The burden is on the state to establish abandonment and it has been said that the proof thereof must be by ‘clear, unequivocal and decisive evidence.’
O’Shaughnessy v. State, 420 So.2d at 379.
When addressing an abandonment issue, the question is whether, under the totality of the circumstances, a defendant has a reasonable expectation of privacy in the invaded property. See Kelly v. State, 536 So.2d 1113 (Fla. 1st DCA 1988). “Whether property has been ‘abandoned’ for search and seizure purposes is viewed primarily as a question of intent, to be inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment.” Kelly, *806 536 So.2d at 1114. See State v. Kennon, 652 So.2d 396, 397-98 (Fla. 2d DCA 1995)(citing 1 Wayne R. LaFave, Search and Seizure § 2.6(b) (2d ed.1987) wherein the author observes: “In the law of search and seizure, ... the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment.... In essence, what is abandoned is not necessarily the defendant’s property, but his reasonable expectation of privacy therein.”) See also 14 Fla. Jur.2d, Abandoned Property § 633.
Admittedly, not every seizure of property occurring under the curtilage of one’s home negates the finding of a valid abandonment of the property at issue. See State v. Duhart, 810 So.2d 972, 973-74 (Fla. 4th DCA 2002)(coneluding that the Fourth Amendment is not necessarily a protection in areas of the home which are open and exposed to public view); Koehler v. State, 444 So.2d 1032 (Fla. 1st DCA 1984)(no expectation of privacy on unenclosed front porch which was exposed to public view); State v. Detlefson, 335 So.2d 371 (Fla. 1st DCA 1976)(no reasonable expectation of privacy on front porch of home where delivery men and others were free to observe plants thereon). Nonetheless, considering the instant facts, I conclude that the order under review must be affirmed based on the juvenile’s “constitutionally protected reasonable expectation of privacy.” Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576(1967). The State failed to establish abandonment by clear, unequivocal, and decisive evidence. See Kelly, 536 So.2d at 1113; O’Shaughnessy, 420 So.2d at 377. The evidence at issue was properly suppressed.