959 So.2d 1225 (2007)
STATE of Florida, Appellant,
v.
E.D.R., a Child, Appellee.
No. 5D06-2559.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
*1226 Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, J.
The State appeals an order suppressing all physical and testimonial evidence seized from E.D.R. by the Orlando Police Department. E.D.R. contended that the officers trespassed on private property and seized evidence without a warrant and absent any recognized exceptions to Fourth Amendment requirements against unreasonable searches and seizures. The undisputed facts show that E.D.R. was asleep, sitting on a porch open to the public, with cocaine in his lap. The State argues the trial court erred because E.D.R. had no expectation of privacy. We agree.
The officers observed E.D.R. with cocaine in his lap and arrested him for possession of cocaine.[1] E.D.R. alleged in his motion to suppress that he was asleep on the porch when the police entered the porch area without a founded suspicion that a crime had been, was being, or was about to be committed. Further, the seizure was not pursuant to section 901.151, Florida Statutes (2005), Florida's Stop and Frisk Law.
During the suppression hearing, E.D.R. testified he was visiting his aunt and had spent the night when the police arrested him. Orlando Police Officer Bridges testified that he and Officer Javier were on neighborhood team patrol in the Parramore neighborhood where he had made numerous drug arrests. As he drove down Polk Street around 7:00 a.m., they observed several males asleep on a porch. The officer walked up the walkway and, before he reached the front porch, observed what appeared to be crack cocaine laying in E.D.R.'s lap. He stepped up to the porch and collected the evidence from E.D.R.'s lap while he slept. E.D.R. was then awakened and arrested.
Officer Bridges testified he stopped because he thought it unusual that young men would be sleeping on the porch in a high drug area that early in the morning. The porch was not enclosed, and the drugs were in plain view. The house faced the street and the elevated porch had no screen, railing, or door; it was open and could be viewed from a car on the street. Though nothing suspicious was happening on the porch; it was just odd that young men were sleeping on the porch at 7:00 a.m. He did not recall seeing any no trespass signs, and no one invited him onto the *1227 porch. There was no fence around the property.
At the hearing, the trial court stated that the officers trespassed on private property without a legitimate police purpose. It therefore granted the motion, suppressed the evidence, and dismissed the case.
The State argues that E.D.R. had no reasonable expectation of privacy. The officers' view of the contraband on an unenclosed, unscreened porch gave them probable cause to seize the evidence and arrest E.D.R. The issue is whether E.D.R. had an expectation of privacy on the front porch. We think not.
The Fourth Amendment protects areas where a person has a "constitutionally protected reasonable expectation of privacy." Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). It does not, however, protect areas of the home that are "open and exposed to public view." State v. Duhart, 810 So.2d 972, 973 (Fla. 4th DCA 2002). "[O]ne does not harbor an expectation of privacy on a front porch where salesmen or visitors may appear at any time." State v. Morsman, 394 So.2d 408 (Fla.1981) (citing State v. Detlefson, 335 So.2d 371 (Fla. 1st DCA 1976)). In Detlefson, the court upheld the validity of a warrant obtained to seize marijuana plants placed on a front porch. Without considering the undemonstrated reliability of the informant, the court held that the tip provided the officer with only a suspicion that, coupled with the officer's observations, justified his crossing the yard to look closer. The court declared that the defendant did not have a reasonable expectation of privacy in the front porch of his home where, presumably, delivery men and others were free to observe the plants thereon. 335 So.2d at 372. See also Davis v. State, 763 So.2d 519, 520 (Fla. 5th DCA 2000) (holding there is no expectation of privacy on a porch); Koehler v. State, 444 So.2d 1032, 1033 (Fla. 1st DCA 1984) (accord).
The trial court erred in suppressing the evidence in this case. The porch was not a constitutionally protected area. The unenclosed porch was in the front of the house, not obscured from public view, E.D.R. was sleeping in a chair on the front edge of the porch, and any delivery person or passerby could have walked onto the porch and left a package or knocked on the door without a violation of the resident's reasonable expectation of privacy. In doing so, the police officers, like a delivery person, would have observed the crack cocaine in plain view in E.D.R.'s lap. The officers had probable cause to arrest him and seize the evidence. We reverse the trial court's order granting E.D.R.'s motion to suppress and remand for further proceedings.
REVERSED and REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] § 893.13(6)(a), Fla. Stat. (2005).