JACOBUS, J.
The State of Florida appeals the trial court’s order suppressing the evidence against the defendant, Deon Hill. We agree with the State that reversal is warranted.
*531 Hill’s suppression motion claimed the marijuana that formed the basis for the charges against him was the product of an unlawful search performed during a pedestrian stop. The validity of the stop is not at issue. Hill committed a pedestrian violation in a police officer’s presence, and the officer had probable cause to stop him for that noncriminal traffic infraction. By the end of the suppression hearing, this was undisputed. Having probable cause to make a pedestrian traffic stop, the officer had the right to approach Hill and detain him for the time necessary to write a citation. When the officer approached to within three to five feet of Hill, he detected the strong odor of marijuana emanating directly from Hill’s person. This turn of events led to the officer searching Hill for marijuana, which he soon discovered. Whether a warrantless search was reasonable under these circumstances is the question presented by this case.
We believe the trial court would have answered in the affirmative, as we do, had it not been for these additional facts: the pedestrian violation occurred near Hill’s home and Hill had attained the steps of his front porch before he heeded the officer’s command to stop. In the trial court’s view, Hill enjoyed the same Fourth Amendment protections on his front steps as he would inside the house. However, as this court has explained:
The Fourth Amendment protects areas where a person has a “constitutionally protected reasonable expectation of privacy.” Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). It does not, however, protect areas of the home that are “open and exposed to public view.” State v. Duhart, 810 So.2d 972, 973 (Fla. 4th DCA 2002). “[Ojne does not harbor an expectation of privacy on a front porch where salesmen or visitors may appear at any time.” State v. Morsman, 394 So.2d 408 (Fla.1981) (citing State v. Detlefson, 335 So.2d 371 (Fla. 1st DCA 1976)).
State v. E.D.R., 959 So.2d 1225, 1227 (Fla. 5th DCA 2007). In E.D.R., a patrol officer observed several males asleep on the front porch of a home early in the morning. He thought this was unusual and decided to walk up to the front porch. As he approached, the officer noticed there was crack cocaine laying in E.D.R.’s lap. He stepped up to the front porch, collected the contraband, and arrested E.D.R. when he awoke. This court reversed the trial court’s suppression order. We held that E.D.R. had no reasonable expectation of privacy on his front porch, which was unenclosed and open to public view.
We likewise conclude in the present case that Hill did not garner a reasonable expectation of privacy by standing on his front porch steps. The officer had a lawful reason for approaching Hill. When he smelled the strong odor of marijuana wafting from Hill, the officer had probable cause and sufficient grounds for a warrant-less search. See State v. Reed, 712 So.2d 458, 460 (Fla. 5th DCA 1998) (explaining that the smell of cannabis can provide probable cause to search); State v. T.T., 594 So.2d 839 (Fla. 5th DCA 1992) (holding that where an officer smelled marijuana on a particular youth at a skating rink, the officer had probable cause for a warrant-less search).
The warrantless search in this case was reasonable under the Fourth Amendment and the totality of the circumstances. Therefore, the order granting Hill’s motion to suppress is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.