# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3140
Lower Tribunal No. 12-1127
_____

**The State of Florida,**
Appellant,

vs.

**Mathew Milewski,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellant.

David W. Macey, and Lindsay M. Alter; and Michelle R. Walsh, for appellee.

Before SALTER, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

The State of Florida appeals the trial court's order that granted appellee Mathew Milewski's motion to suppress evidence in this animal cruelty case. We reverse the court's ruling because Milewski abandoned his expectation of privacy in his deceased puppy's remains, and any evidence derived therefrom, for which there was no search and seizure.

Milewski's deceased puppy suffered physical abuse and its severe injuries eventually proved fatal. On the day on which the puppy died, Milewski took the unresponsive puppy to an animal hospital where Dr. Heidi Foster stabilized and released the puppy. Milewski later returned to the hospital with the deceased puppy and requested that the hospital cremate the puppy right away. Dr. Foster advised Milewski of the cost of private cremation, which provides for the return of ashes back to the owner, and the lesser cost of group cremation. Milewski initially said that he wanted the ashes back, but he ultimately chose group cremation.[1]

The necropsy results revealed that the puppy had a severe brain hemorrhage, extensive body bruises, and a separated spinal column. The puppy had injuries inconsistent with a simple fall and consistent with severe physical abuse. Milewski confessed that he disliked the puppy, and that he had thrown the puppy violently.

---

[1] Group cremation of animal bodies involves undifferentiated remains that are disposed of as refuse.

The State charged Milewski with one count of animal cruelty. Milewski moved to suppress the evidence. The trial court conducted a hearing on the motion.

The State argued that Milewski voluntarily abandoned the deceased puppy when he chose group cremation and paid for it. Milewski thus did not have any expectation of privacy in the puppy's remains. The State further argued that there was no violation of the statutory requirements for the release of the puppy's medical records and statements made in the course of the puppy's medical treatment.

The defense maintained that Milewski did not abandon his property interest in the body of the deceased puppy because he thought the puppy's remains would be returned to him. Milewski's payment for group cremation indicated that he cared what happened to his puppy and that he did not relinquish his interest in the puppy's treatment. The defense also maintained that the disclosure of the medical records and statements made in furtherance of medical treatment without a subpoena violated the statute which governs the medical treatment of animals.

The trial court granted the motion to suppress, holding that the State did not present sufficient evidence that the animal hospital had authority to provide third party consent to the search and seizure of the puppy's deceased body. The court thus rejected the State's argument that Milewski abandoned any claim to the puppy

when he left the remains for cremation and concluded that the search and seizure of the animal carcass violated Milewski's Fourth Amendment rights.

The court further held that law enforcement infringed on Milewski's rights as the patient's owner when they interviewed Dr. Foster about the puppy's medical condition, obtained statements Milewski made to Dr. Foster in the course of the puppy's treatment, and obtained veterinary records without consent or a subpoena. The court found that section 474.2165, Florida Statutes (2013), which governs veterinarian records, mirrors the language of sections 456.057(5) and (8), Florida Statutes (2013), which govern the confidentiality of human medical records and doctor-patient privilege, respectively. As such, all patients, whether human or animal, share the same confidentiality rights to have their medical records and communications with a health care provider remain private, absent court order or the consent of the patient and/or patient's owner.

This Court's review of the trial court's ruling on the motion to suppress involves a mixed question of law and fact. Springer v. State, 125 So. 3d 271, 272 (Fla. 4th DCA 2014). The trial court's findings of fact are presumed correct if competent, substantial evidence supports those findings. Henderson v. State, 149 So. 3d 61, 63 (Fla. 4th DCA 2014). The trial court's application of law to those facts is reviewed de novo. Connor v. State, 803 So. 2d 598, 605 (Fla. 2001); Henderson, 149 So. 3d at 63.

Milewski argues, as he did below, that the puppy's remains were unlawfully seized without a warrant. Thus, any and all evidence related to the examination of the body, and any conclusions or reports generated therefrom, should be suppressed. Milewski also argues that the State unlawfully obtained all evidence, including the veterinary records, discussions about the puppy's medical condition and statements made in the course of the puppy's treatment.

The State argued in response, and similarly argues here, that Milewski relinquished any expectation of privacy in the puppy's remains at the veterinary office. This is because Milewski effectively abandoned the puppy's body when he relinquished it to the animal hospital for group cremation, which meant that the puppy's ashes would not be returned. Therefore, he no longer retained an expectation of privacy in the puppy's remains.

We first note, as the parties correctly concede, that Florida law considers animals to be personal property. See County of Pasco v. Riehl, 620 So. 2d 229, 231 (Fla. 2d DCA 1993). See also Levine v. Knowles, 197 So. 2d 329, 331 (Fla. 3d DCA 1967)(stating that "[d]ogs are property, taxable as other personal property. The rights of ownership do not cease upon the death of a dog, and it has been held that an action in replevin lies to recover the body of a dead dog.").

The Florida Supreme Court stated:

> A person who claims the protection of the [Fourth] Amendment [must have] a legitimate expectation of privacy in the invaded

5

place. Although warrantless searches and seizures are generally prohibited by the Fourth Amendment to the United States Constitution and article I, section 12, of the Florida Constitution, police may conduct a search without a warrant if consent is given or if the individual has abandoned his or her interest in the property in question.

(citations omitted, emphasis added). Caraballo v. State, 39 So. 3d 1234, 1244 (Fla. 2010). Abandoned property is not subject to Fourth Amendment protection. Hester v. United States, 265 U.S. 57, 58, 44 S. Ct. 445 (1924).[2] The test to determine whether the expectation of privacy has been abandoned within the context of property law "is whether a defendant voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." Caraballo, 39 So. 3d at 1244. Whether the expectation of privacy has been abandoned within the context of search and seizure is an issue that is "viewed primarily as a question of intent." Kelly v. State, 536 So. 2d 1113, 1114 (Fla. 1st DCA 1988). Intent is to be "inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment." Id.

The issue before us is whether Milewski, as the owner of his deceased puppy, abandoned his expectation of privacy in the puppy's remains, such that he was not deprived of his property without his consent or due process when animal

_____

[2] There is, as this Court has acknowledged, a distinction between abandonment in the context of property law and the law of search and seizure. See e.g., J.W. v. State, 95 So. 3d 372 (Fla. 3d DCA 2012).

services seized the puppy's remains without a warrant. There was no dispute that a warrant was not issued. We conclude that there was no deprivation of property without Milewski's consent or due process violation when animal services conducted the warrantless search and seizure.

There is no evidence in this record upon which to infer, much less conclude, that Milewski intended to retain his expectation of privacy in the puppy's remains when he delivered the deceased puppy to the animal hospital. He consciously chose group cremation over private cremation. He furthered his choice and secured the procedure when he tendered payment. Notwithstanding the fact that Milewski at some earlier point stated that he wanted the return of the puppy's ashes, it is clear from this record that he changed his mind and opted for the less expensive group cremation.

Whether Milewski had actual knowledge that the puppy's ashes would not be returned is of no consequence. An expectation of privacy analysis, as we previously mentioned, does not hinge on actual knowledge alone. Rather, the analysis also hinges on words and actions. Milewski's selection of group cremation and the payment he tendered to secure the procedure evidences his lack of intent to receive the puppy's ashes in return. It also defies reason for one to believe that he would receive the ashes of a deceased pet following the intermingling of ashes among multiple animals. At best, Milewski's selection of

group cremation and the payment he tendered show a lack of desire to preserve his possessory and privacy interests. Milewski abandoned his expectation of privacy in the puppy's remains and, as a result, has no standing to challenge the subsequent warrantless search and seizure.

Milewski is incorrect that the State unlawfully obtained Dr. Foster's statements made to police about the puppy's medical condition and treatment, the necropsy report and Dr. Foster's testimony. There is no basis to suppress the statements Dr. Foster made to the police. The doctor volunteered the statements, and the doctor offered the statements in a context that did not invoke the possibility of illegal police action. See State v. Strickland, 164 So. 3d 727, 731-32 (Fla. 3d DCA 2015). Dr. Foster's testimony is likewise admissible in the absence of any illegal police action. Id. Neither is there a basis upon which to exclude the necropsy report because the police properly seized the puppy's remains and the police investigation flowed from the report's findings.

We thus conclude that the necropsy report, and Dr. Foster's statements and testimony are not subject to suppression. Furthermore, Milewski's actions, words, and surrounding circumstances, amounted to an abandonment of his expectation of privacy in the puppy's remains. Accordingly, we reverse the trial court's rulings and remand the cause with directions to vacate the portion of the order relative to

the puppy's remains, necropsy report, and Dr. Foster's statements and testimony. We affirm, however, the trial court's suppression of the hospital's medical records.

Reversed in part and remanded.