# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2703
Lower Tribunal No. 16-10959
_____

**The State of Florida,**
Appellant,

vs.

**Dominic Harris,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Franklin Sandrea-Rivero and Dharma Sierra, Certified Legal Interns, for appellee.

Before EMAS, C.J., and SCALES and LINDSEY, JJ.

PER CURIAM.

The State appeals the trial court's order suppressing evidence seized in a warrantless search of Dominic Harris's property. After conducting an evidentiary hearing, the trial court determined that Mr. Harris had not abandoned his privacy interest in the subject property. This Court's review of the suppression order involves a mixed question of law and fact; the trial court's factual findings are presumed correct if supported by competent, substantial evidence, while we review, *de novo*, the trial court's ruling on the legality of the search. See State v. Milewski, 194 So. 3d 376, 378 (Fla. 3d DCA 2016). "[A] trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Pagan v. State, 830 So. 2d 792, 806 (Fla. 2002). With this standard in mind, we affirm the trial court's determination that Mr. Harris had not abandoned his reasonable expectation of privacy in his property when it was seized and searched by the police.

Affirmed.

EMAS, C.J., and SCALES, J., concur.

LINDSEY, J.

I respectfully dissent and would reverse the trial court's suppression order based on the authority of State v. Jackson, 240 So. 2d 88 (Fla. 3d DCA 1970) (reversing trial court's order suppressing evidence and finding abandonment where defendant had possession of a bag and divested himself of the possession of that bag in the view of the police officer).